JOHNSON v. STATE ELECTION BOARD et al.

No. 32544.   April 11, 1946.

*167 P. 2d 891.*

W. Lee Johnson, pro se.

McCollum & McCullom (Edwin R. McNeill and L. V. Orton, of counsel), all of Pawnee, for plaintiff.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants.

WELCH, J. The question is whether H. B. 98, Title 20, ch. 4b, S. L. 1945, violates sections 32, 46, and 59, art. 5, and section 5, art. 3, of the Constitution.

We quote the legislative act as follows:

"Section 1. District Court Judicial District Number Fourteen (14), comprised of Pawnee and Tulsa Counties, shall have three (3) Judges, one (1) of whom shall be a legal resident of and nominated from Pawnee County and two (2) of whom shall be legal residents of and nominated from Tulsa County. Each of said Judges shall be elected at large; provided that nothing in this Act shall effect or disturb the tenure of office of the present Judges of said District; provided further that the three District Judges herein established shall be elected by nomination and election at the next regular primary and general elections held throughout the State as provided by law for the nomination and election of Judges of District Court Judicial Districts.

"Provided, further, that in the Tulsa County Nominating District, the office shall not be designated by number, nor shall a candidate filing for such office be required to designate by number the office for which he desires to be a candidate; but shall file for District Judge, 14th Judicial District, Tulsa County. If at any such regular primary election no candidate in the Tulsa County Nominating District for said office, no candidate shall be nominated from said district by such party for said office, but the three candidates receiving the

highest number of votes in said Nominating District shall be placed on the official ballot as candidates for such nomination at a second primary election to be called the 'run-off primary election' to be held on the fourth Tuesday in the month of July of the same year, as provided by Section 4, Chapter 5a, Title 26, Page 90, Oklahoma Session Laws 1943. In the event two candidates for said office at any such regular primary election receives a majority of all of the votes cast in said Nominating District for said office, the two candidates receiving the highest vote at such election shall be declared the nominees for such office from Tulsa County Nominating District. In the event only one candidate in the Tulsa County district at any such regular primary election receives a majority of all votes cast in said Nominating District for said office such candidate shall be declared to be one of the nominees for such office from Tulsa County Nominating District and the remaining nominee shall be selected from the next two candidates receiving the highest number of votes in such primary election, such two candidates to be placed on the official ballot as candidates for such nomination at a second election to be called the 'run-off primary election,' to be held on the fourth Tuesday in the month of July of the same year, as provided by Section 4, Chapter 5a, Title 26, page 90, Oklahoma Session Laws 1943."

Section 32, art. 5, of the Constitution requires notice of intended introduction of a special or local law.

Section 46, art. 5, of the Constitution, among other provisions, prohibits the Legislature from passing any local law for the "opening and conducting of election, . . ." Section 59, art. 5, of the Constitution prohibits the passage of a special law where a general law can be made applicable.

Section 5, art. 3, of the Constitution directs the Legislature to enact laws for a ". . . mandatory primary system . . ." for the nomination of candidates.

It is urged by the defendants that the entire act is special or local and that it must fall because no notice was given as required by section 32, art. 5, of the Constitution, supra, and further that it offends section 59, art. 5, supra, in that a general law could be made applicable. They also urge that the second paragraph of the act offends section 46, art. 5, of the Constitution, supra, in that it purports by special law to regulate the conduct of elections which cannot be so accomplished with or without notice and that it violates section 5, art. 3, of the Constitution, supra, in that it would destroy the "system" and uniformity of elections intended by such constitutional provision. They also insist that if any part of the act is unconstitutional the entire act must fall.

The plaintiff urges that the entire act is constitutional; that if any part thereof is unconstitutional it is only the second paragraph thereof and that the act and the several parts thereof are severable.

It is our conclusion that the second paragraph offends section 59, art. 5, of the Constitution in that it relates only to one nominating district within the state and can never relate to any other nominating district of the same or similar class or classification, when it is obvious that a general law providing the same method for nominations of candidates in districts of that class can be made to apply. We conclude also that there is a violation of section 46, art. 5, in that it is a special law purporting to set apart the Tulsa county nominating district and make applicable therein a system or plan different from the general law in the matter of conducting the elections for nominating candidates for district judge. We need not consider the contention with reference to section 5, art. 3, of the Constitution.

Having so concluded, we must determine whether the first paragraph of section 1 of the act is a special or general law, and if same is a general law, whether the act is severable.

We observe that the first paragraph of section 1 of the act provides for

three district judges for the 14th Judicial District comprised of Pawnee and Tulsa counties; that one of such judges shall be a resident of and nominated from Pawnee county and that two of whom shall be residents of and nominated from Tulsa county, and that all shall be elected by nomination and election ". . . as provided by law for the nominations and election of Judges of District Court Judicial Districts."

It has been the policy and practice since the formation of the state to divide the state into several nominating districts within specially defined territorial limits for the purpose of nominating and electing state officers, and such practice had specific approval in Glasco v. State Election Board, 121 Okla. 119, 248 P. 642, and Munroe v. McNeill, 122 Okla. 297, 255 P. 150. Such division of territory has some inherent color of localism, but institutions of the state have been the true subject matter of the legislation in that respect and such matters have been of general state concern. Consideration thereof has led the court to conclude that such legislation is not of local concern as distinguished from state concern, and therefore is not special or local legislation.

In Munroe v. McNeill, supra, this court had for consideration a legislative act providing for special nominating districts in this same judicial district then numbered the 21st Judicial District. Therein it was held in syllabus three as follows:

"An act of the Legislature providing for an increase of district judges in a particular district and prescribing their manner of nomination and election is a general law and not in conflict with the Constitution."

In the opinion the court said:

"It is again urged by the petitioner that the bill providing for the manner of nominating and electing judges in the Twenty-first judicial district as provided by the Legislature is local in its nature and, therefore, unconstitutional and void. We cannot agree with this contention. This court has former-

ly held that the creation and establishment of courts in conformity with constitutional provisions is a general law, and, therefore, does not come within the provision inhibiting special or local legislation."

That act of the Legislature is similar to the present act, except that it created an additional judge for that district. We do not consider that distinction as material here. We note also that the act considered in the Munroe Case contained provisions substantially like the second paragraph of the present act, but no question was raised as to whether it met the provisions of sections 46 and 59 of article 5 of the Constitution, nor did it appear therein that such provisions were not in conformity with then existing general law with reference to the conducting of elections. We think it proper here to emphasize that the first paragraph of section 1 of the present act relates entirely to the number of judges allowed the judicial district and defines the territorial bounds of the two nominating districts therein. It properly provides for their nomination and election in the manner provided by general law. That portion of the act is general. Leatherock v. Lawter, 45 Okla. 715, 147 P. 324.

But defendants urge that the cited cases only hold general those laws which create an additional judgeship or establish a new court and say that they do not apply to the case of establishment of separate nomination districts within a judicial district. The decisions are founded upon the theory that the legislative action affects the people as a whole rather than the extent of the territory over which it operates. To adopt defendants' theory that the designation of a nomination district within the state or a judicial district is ipso facto special legislation would mean that every legislative act creating nominating or other districts defining the territorial boundaries of same, though covering the entire area of the state, would be special legislation requiring notice. Such has never been the policy of the Constitution nor

practice of the Legislature, nor is such result within the sphere or meaning of the prior judicial interpretations of our constitutional provisions.

We have only further to consider whether the act is separable and whether the entire act must fall as a consequence of the unconstitutionality of a part thereof.

Governing our efforts in that respect is the apt statement found in 11 Am. Juris., p. 834, a part of section 152, as follows:

"It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part and that if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected."

We also approve the rule stated in 59 C.J. pages 642 and 644, as follows:

"Whether the valid and invalid parts of a statute are independent and separable, or interdependent, is a question of construction and of legislative intent, and in determining the question the rule is that if, when the invalid part is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained to that extent. . . .

"In this connection it has frequently been declared that the valid part of a statute will be sustained where the valid and invalid parts are so separate and distinct that it is clear or may be presumed that the Legislature would have enacted the former without the latter, if it had known of the invalidity, or, as otherwise stated, if the valid or invalid parts are not so intimately connected as to raise the presumption that the Legislature would not have enacted the one without the other, the act will be upheld so far as valid. . . ."

An examination of the first paragraph of the act, supra, discloses a sensible and complete law within itself. It deals with the number of judges for the district and designates two speci-fied nominating districts. The remaining portion of the act deals only with the manner of the nomination by election of the judges in one of the nominating districts. Defendants cite Comanche Light & Power Co. v. Nix, Sheriff, 53 Okla. 220, 156 P. 293, to the effect that if the several parts of an act are *so dependent on each other* as to warrant the belief that the Legislature intended them only to take effect in their entirety, the whole act must fall if a part thereof is unconstitutional.

We must and do assume that the Legislature found that the public good would be better served by dividing the Fourteenth Judicial District into two nominating districts. It did so in the first paragraph of the act, supra. We cannot see where the details of the method of nominating by election of the judges in one of the nominating districts is of such moment to the public welfare as to cause the Legislature to recede from its purpose to re-establish two nominating districts which had in times past existed in that district.

Writ granted.

OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.