**In re Joel Reese LAXSON, Debtor.**

**No. 388–36662 RCM–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 19, 1989.

Dwaine Boydstun, Dallas, Tex., trustee.

Dennis Olson, Dallas, Tex., for debtor.

MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

This case comes before the court upon the trustee's objection to assets claimed as exempt by Joel Reese Laxson ("Laxson" or "Debtor"). Laxson filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 31, 1988. On Debtor's Statement of Financial Affairs, Laxson claimed two individual retirement accounts ("IRAs") as exempt property pursuant to Texas Property Code § 42.0021. The funds in the two IRAs total $33,318.00 and $3,514.00. On January 17, 1989, the trustee filed an objection to the IRAs claimed as exempt. The parties filed briefs and the court heard oral argument on April 12, 1989. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) & (O). The following constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The trustee's objection to the I.R.A's is based on the argument that the relevant portion of the Texas Property Code is in fact preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 (1982 & Supp. IV 1986).

In arriving at this conclusion, the trustee relies on *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), in which the Supreme Court held a Georgia garnishment statute that contained language referring to ERISA was preempted by ERISA.

Generally, all property of the debtor becomes property of the estate pursuant to 11 U.S.C. § 541. A party may claim certain property as exempt from property of the estate pursuant to 11 U.S.C. § 522. A debtor may choose either the state or federal exemptions. In the instant case, Debtor has choosen the Texas state exemptions, located in Chapters 41 and 42 of the Texas Property Code. Specifically the debtor claims certain IRAs as exempt property pursuant to a relatively new provision of the exemption scheme, which provides an exemption for various retirement accounts.

The Texas Property Code provides

(a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under a stock bonus, pension, profit-sharing, annuity or similar plan or contract, including a retirement plan for self-employed individuals, or under an individual retirement account or an individual retirement annuity, including a simplified employee pension plan, is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986. A person's right to the assets held in or to receive payments, whether vested or not, under government or church plan or contract is also exempt unless the plan or contract does not qualify under the definition of a government or church plan under the provisions of the federal Employee Retirement Income Security Act of 1974.

(b) Contributions to an individual retirement account that exceed the amounts deductible under the applicable provisions of the Internal Revenue Code of 1986 and any accrued earnings on such contributions are not exempt under this section unless otherwise exempt by law. Tex.Prop.Code § 42.0021 (Vernon 1989 Supp.). Enacted in 1987, the exemption statute allows debtors to exempt various retirement accounts from creditors. The statute was passed by the Texas legislature as a result of "an erosion of the protection traditionally provided for retirement benefits". See Hall, *Qualified Plan Retirement Benefits—Texas Property Code Amendment,* Texas Bar Journal 1184 (December 1986). Part of this so-called erosion was caused by the Fifth Circuit's decision *In re Goff,* 706 F.2d 574 (5th Cir.1983). The *Goff* court interpreted the phrase 'applicable non-bankruptcy law' in 11 U.S.C. § 541(c)(2) as meaning state spendthrift trust law. The Circuit rejected the debtor's contention that the non-bankruptcy law included ERISA. Thus, the only pension plans that would be excluded from property of the estate were those that qualified under state spendthrift trust law. As a consequense of the Circuit's interpretation, self-settled retirement accounts such as Keoghs and IRAs could not be excluded from property of the estate. In order to provide additional protection for retirement accounts in bankruptcy, the Texas legislature passed section 42.0021, which became effective in September 1987. See also Gote, *The Texas Exemption of Retirement Benefits: Interaction with the Bankruptcy Code and Possible Preemption by Mackey v. Lanier Collections Agency & Service,* 26 Houston L.R. 497, 510–513 (1989).

Due to the relatively new nature of the statute, case law interpreting whether the statute is preempted by ERISA is limited but mushrooming. The court's task in interpreting this statute is further complicated by the changing state of the law. Even during the period that the court has had this case under advisement, three different Texas bankruptcy courts have ruled on this issue and one of those opinions has been withdrawn pending reconsideration. *In re Komet,* 93 B.R. 498 (Bankr.W.D.Tex.1988). The two remaining opinions have reached opposite conclusions after lengthy well reasoned analysis. *In re Marshall James*

*Dyke,* 99 B.R. 343 (Bankr.S.D.Tex.1989) (holding generally the ERISA statute preempts the first sentence of the Texas exemption statute); *In re Volpe,* 100 B.R. 840 (Bankr.W.D.Tex.1989) (holding the ERISA statute does not preempt the Texas exemption statute). Courts in other jurisdictions have interpreted statutes similar to the Texas Exemption Statute and have concluded that their respective statutes are preempted by ERISA. *In re Hirsch,* 98 B.R. 1 (Bankr.D.Ariz.1988); *In re Brown,* 95 B.R. 216 (Bankr.N.D.Okla.1989).

Turning to the ERISA language at issue, the preemptive provision of ERISA provides:

> Except as provided in subsection (b) of this section, the provisions of the subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan as described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a) [Emphasis added]. The "relate to" language used in this statute has been the subject of much litigation. Thus, the first issue facing the court involves discussing whether the Texas Property Code statute "relates to ERISA" in such a manner that the Texas exemption statute is superseded by ERISA.

The question of whether state law is preempted by federal law is one of Congressional intent. "The purpose of Congress is the ultimate touchtone." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105.S.Ct. 1904, 1909, 85 L.Ed.2d 206 (1985). See also *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). Turning to the legislative history of the ERISA statute, House Representative Dent, a sponsor of the ERISA legislation, described the "reservation to Federal authority the sole power to regulate the field of employee benefit plans as ERISA's crowning achievement". *Id.* citing 120 Cong.Rec. 29197 (1974). Representative Dent further stated:

> With the preemption of the field, we round out the protection afforded participation by eliminating the threat of conflicting and inconsistent State and local regulation.... The conferees, with the narrow exceptions specifically enumerated, applied this principle in its *broadest* sense to foreclose any non-Federal regulation of employee benefit plans.

120 Cong.Rec. 29197 (1974) [Emphasis added].

One of the Senate sponsors stated:

> It should be stressed that with the narrow exceptions specified in the bill, the substantive and enforcement provisions of the conference substitute are intended to preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent State or local regulation of employee benefit plans. This principle is intended to apply in its broadest sense to all actions of State or local governments, or any instrumentality thereof, which have the force or effect of law.

120 Cong.Rec. 29933 (1974). Further, the Supreme Court in *Shaw v. Delta Air Lines,* noted that the Conference Committee on the ERISA legislation rejected proposed language which would have limited the preemption language as to preempting state laws relating to specific subject matters covered by ERISA such as reporting, disclosure, fiduciary responsibility in favor of the more broad language that was eventually adopted. 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Thus, it appears that Congress intended the ERISA preemption language to be broad in scope.

The U.S. Supreme Court's most recent decision on the meaning of the "relate to" language, *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. ——, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) holds a Georgia garnishment statute is preempted by ERISA. *Mackey* contains some strong language which highly suggests that any statute which refers to ERISA plans in any way is caught in the § 1144(a) preemption net. For example, the Court reaffirms that a law "relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or *reference to* such a plan." *Mackey,* 108 S.Ct. at 2185, citing

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Court also states "we have virtually taken it for granted that state laws which are 'specifically designed to affect employee benefit plans' are preempted." *Id.*

The Court's latest effort in *Mackey* represents a departure from the Court's prior decision on ERISA preemption in *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). In *Fort Halifax*, the Court focuses on the purpose of Congress in drafting the preemption provision. After a lengthy discussion of the legislative history of the preemption provisions, the Court determines that the purpose of § 1144(a) was to ensure that "administrative practices of a benefit plan will be governed by a single set of regulations". *Id.* 107 S.Ct. at 2217. The Court decides, since the Maine statute at issue does not "create the potential for conflicting regulation of benefit plans that ERISA preemption was intended to prevent," the statute is not preempted. *Id.* 107 S.Ct. at 2219. Generally, in determining the Maine statute was not preempted, the Court used an extremely narrow reading of the phrase "employee benefit plan" —holding that the Maine statute, which provided for a one time payment for employees who work at plants that close was not an employee benefit plan.

In contrast, in *Mackey* the court dealt with a Georgia statute that expressly referred to ERISA plans and singled them out for special treatment. The Court quickly disposed of the preemption issue and never focused on the purposes of preemption and the like. In fact *Mackey* does not contain even one citation to the Court's *Fort Halifax* decision. *Mackey* notes that that possibility that the Georgia statute in question was enacted by the legislature to effectuate ERISA's underlying purposes is not enough to save the statute from preemption. *Id.* 108 S.Ct. at 2185. However, even in the *Fort Halifax* decision, the Court says the "relate to" language should

be viewed expansively. *Fort Halifax*, 107 S.Ct. at 2215. Although *Mackey* may represent a departure or a change from prior law,[1] it cannot be ignored. *Mackey* clearly states "state laws which make 'reference to' ERISA plans are laws that 'relate to' those plans within the meaning of § 514(a)." *Mackey*, 108 S.Ct. at 2185.

The Fifth Circuit recently reaffirmed that the 'relate to' language should be construed expansively. *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir.1989). The Fifth Circuit explained "state laws found to be beyond the scope of § 1144(a) are few". *Id., quoting Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir.1986).

In light of the Supreme Court cases and Fifth Circuit authority, this Court concludes that the Texas Exemption statute relates to ERISA in such a manner that the Texas statute may well be preempted in part by ERISA. The most convincing argument for a contrary approach is Judge Kelly's argument in *Volpe* that the Texas Exemption is only tenuously related to ERISA and is thus, not preempted. See also *Gote, supra* at 524–533. However, the Court need not determine whether the statute is preempted in this case. Even if the statute is preempted, it would only be preempted to the extent that ERISA applies.

Debtor argues that IRAs are not covered by ERISA, thus the portion of the Texas Exemption statute dealing with non-ERISA accounts is not preempted. The two prior Texas bankruptcy courts dealing with the Texas Exemption addressed the IRA issue in a limited fashion. The debtor in *Volpe* did claim certain IRAs as exempt property, but since Judge Kelly held that the statute was not preempted, he never reached the issue of the effects of the nonapplicability of ERISA to IRAs and the Texas Exemption statute. 100 B.R. at 845–846. In *Dyke*, Judge Mahoney held that the first sentence of the statute was preempted by ERISA. 99 B.R. 343 at 348. By this interpretation, Judge Mahoney seems to be asserting that if ERISA

---

1. Judge Kelly in his *Volpe* decision does a thorough analysis of the Supreme Court cases on

ERISA preemption. 100 B.R. 840 (Bankr.W.D. Tex.1989).

preempts a particular portion of a sentence of a statute, then that entire sentence, rather than the offensive portion thereof, is removed from the statute. Although Judge Mahoney's case did not involve IRAs, her interpretation seems to mean that IRAs are not exempt because the entire first sentence of § 42.0021(a) is removed by preemption.

For the reasons stated hereafter, this Court finds that ERISA does not apply to IRAs and the IRA wording in the first sentence of § 42.0021(a) is severable from the remainder of the first sentence, thereby making IRAs validly exempt.

As quoted in an earlier part of the opinion, ERISA preempts state law that "relates to any employee benefit plan described in section 1003(a)". 29 U.S.C. § 1144(a). Section 1003(a) provides that ERISA shall apply to any "employee benefit plan if it is established or maintained (1) by any employer engaged in commerce; or (2) by any employee organization...." The term 'employee benefit plan' is defined as "any plan, fund or program ... is established or maintained by an employer or by an employee organization". 29 U.S.C. § 1002(2)(A). Since an IRA is self-settled and not maintained by an employer or an organization, IRAs are simply not the type of accounts that fall under the ERISA legislation.

In addition to the plain language of the definition portion of the ERISA statute, the ERISA regulations dictate that ERISA is inapplicable to IRAs.

> (d) *Individual Retirement Accounts.* For purposes of Title I of the Act [ERISA] and this chapter, the terms "employee pension benefit plan" and "pension plan" shall not include an individual retirement account described in section 408(a) of the Code [Internal Revenue Code of 1954], an individual retirement annuity described in section 408(b) of the Internal Revenue Code of 1954 (hereinafter "the Code") and an individual retirement bond described in Section 409 of the Code.

29 C.F.R. 2510.3–2(d)(1). Next, the Fifth Circuit has held that the regulations prom-

ulgated by the Secretary of Labor under ERISA should be given considerable deference. *Schwartz v. Gordon,* 761 F.2d 864, 868 (2nd Cir.1985) (holding certain Keogh plans excluded from ERISA by operation of regulations promulgated under ERISA). Thus, since ERISA does not apply to IRAs, then ERISA does not preempt the statute, with respect to IRAs or any other accounts not covered by the ERISA statute. As the Supreme Court in *Shaw v. Delta Air Lines,* stated: "of course § 514(a) preempts state laws only insofar as they relate to plans covered by ERISA". 463 U.S. at 97 n. 17, 103 S.Ct. at 2900 n. 17.

Severability is a question of state law. *See, Watson v. Buck,* 313 U.S. 387, 395–396, 61 S.Ct. 962, 964, 85 L.Ed. 1416 (1941). *See also, Environmental Encapsulating Corp. v. New York City,* 855 F.2d 48, 60 (2nd Cir.1988). Further, the Texas Code Construction Act provides:

> (c) In a statute that does not contain a provision for severability or nonseverability, if any provision of the statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute that can be given effect without the invalid provision or application, and to this end the provisions of the statute are severable.

Tex.Gov't.Code Ann. § 311.032 (Vernon 1988). Thus, even if ERISA preempts a portion of the Texas Exemption Statute, the portions that apply to non-ERISA accounts can still be given effect.

The final issue facing the court involves whether Debtor can exempt multiple IRAs. The trustee argues that the the language of the statute provides that "a" plan or "the" plan may be exempt property. The trustee notes that all references in the statute are singular. On this issue, the Court finds Judge Kelly's analysis in *Volpe* persuasive and adopts it. 100 B.R. 840. In *Volpe,* Judge Kelly takes a broad view of the phrase retirement plan and holds that all IRA retirement accounts are exempt as long as they are part of the debtor's overall plan for retirement. Judge Kelly also notes that IRAs can be consolidated in one

account, which would allow for the same result as exempting multiple IRAs.

Judgment will be entered in accordance with the foregoing opinion overruling the Trustee's objection to the exemptions claimed.