**In re Joan Faye RIDGWAY, f/k/a Joan Faye Butler, Debtor.**

**Bankruptcy No. 89–01617–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 13, 1989.

AMENDED MEMORANDUM
OPINION AND ORDER

STEPHEN J. COVEY, Bankruptcy
Judge.

On the motion of Debtor to Amend Judgment brought pursuant to Bankruptcy Rule 9023, the Court has reconsidered part of its earlier Memorandum Opinion and Order dated November 1, 1989, and amends that opinion and order to read as follows:

This matter comes on before the Court on the motion of the Trustee for disallowance of the Debtor's claimed exemption of two individual retirement accounts, a deferred compensation plan, and the cash value of a life insurance policy. After considering the evidence and the arguments of counsel, the Court makes the following findings of fact and conclusions of law.

I. TWO IRAs

Debtor has two individual retirement accounts ("IRAs"), one at Local American Bank, Tulsa, Oklahoma, and the other at Sooner Federal Savings and Loan Association, Tulsa, Oklahoma. Debtor has claimed her interest in each of these as exempt property under 31 O.S. § 1(A)(20) and Trustee has objected to the claimed exemptions on several grounds.

The parties do not dispute that Debtor's interest in the IRAs is property of the estate under 11 U.S.C. § 541(a). The sole issue before the Court is whether Debtor's interest in the IRAs is exempt property under Oklahoma law.

Under 31 O.S. § 1(A)(20), the following described property is exempt from attachment or execution or other types of forced sale for the payment of debts and is also exempt from the bankruptcy estate [1]:

Subject to the Uniform Fraudulent Transfer Act, Section 112 et seq. of Title 24 of the Oklahoma Statutes, *any interest in a retirement plan or arrangement qualified for tax exemption purposes* under present or future Acts of Congress; provided, such interest shall

Rodney L. Buck, Tulsa, Okl., for debtor.

P. Ray Williams, Afton, Okl., for trustee.

1. Under 11 U.S.C. § 522(b)(1) and 31 O.S. § 1(B), Oklahoma has elected to "opt out" of the federal exemption scheme set forth in 11 U.S.C. § 522(d).

be exempt only to the extent that contributions by or on behalf of a participant were not subject to federal income taxation to such participant at the time of such contributions, plus earnings and other additions thereon; provided further, any transfer or rollover contribution between retirement plans or arrangements which avoids current federal income taxation shall not be deemed a transfer which is fraudulent as to a creditor under the Uniform Fraudulent Transfer Act. "Retirement plan or arrangement qualified for tax exemption purposes" shall include without limitation, trusts, custodial accounts, insurance, annuity contracts and other properties and rights constituting a part thereof. By way of example and not by limitation, retirement plans or arrangements qualified for tax exemption purposes permitted under present Acts of Congress include defined contribution plans and defined benefit plans as defined under the Internal Revenue Code ("IRC"), *individual retirement accounts,* individual retirement annuities, simplified employee pension plans, Keogh plans, IRC Section 403(a) annuity plans, IRC Section 403(b) annuities, and eligible *state deferred compensation plans governed under IRC Section 457.* This provision shall be in addition to and not a limitation of any other provision of the Oklahoma Statutes which grants an exemption from attachment or execution and every other species of forced sale for the payment of debts. This provision shall be effective for retirement plans and arrangements in existence on, or created after the effective date of this act; (Emphasis added)

The Trustee initially argues that all of 31 O.S. § 1(A)(20) is void on the grounds that this Court has previously held that the portions of 31 O.S. § 1(A)(20) relating to pension plans qualified under the federal Employee Retirement Plan Income Security Act of 1974 ("ERISA") are preempted by ERISA and are therefore void. *In re Brown,* 95 B.R. 216 (Bankr.N.D.Okl.1989).

 The Court finds that the portion of 31 O.S. § 1(A)(20) dealing with IRAs is not void. First, the Court finds that ERISA does not govern IRAs and therefore does not preempt the portion of 31 O.S. § 1(A)(20) dealing with IRAs. 29 U.S.C. § 1002(2)(A); 29 C.F.R. 2510.3–2(d)(1); and *In re Laxson,* 102 B.R. 85, 88–89 (Bankr.N.D.Tex.1989). Second, the portion of 31 O.S. § 1(A)(20) applying to IRAs is severable from the void portion of the statute relating to ERISA-qualified plans.

Severability is governed by state law. *Watson v. Buck,* 313 U.S. 387, 395–96, 61 S.Ct. 962, 964–65, 85 L.Ed. 1416 (1941). Under Oklahoma law, the Court must determine whether the Oklahoma legislature would have enacted the otherwise valid portion of 31 O.S. § 1(A)(20), in this case the portion exempting IRAs, had it known that it could not also exempt ERISA-qualified plans. *Riggs v. Branch,* 554 P.2d 823, 827–28 (Okl.Crim.App.1976); *Tulsa Exposition and Fair Corp. v. Board of County Commissioners,* 468 P.2d 501, 507 (Okl. 1970); *Johnson v. State Election Board,* 197 Okl. 211, 167 P.2d 891, 894 (1946); and *Chicago R.I. & P. Co. v. Excise Board of Stephens County,* 168 Okl. 519, 34 P.2d 274, 276 (1934).

The Court agrees with the statements in *Riggs* that the law in this area of statutory construction is "not susceptible of clear cut rationalization" and "each decision rests largely upon its own particular facts." *Riggs,* at 827. Nevertheless, the cases do provide some guidelines. In *Chicago R.I. & P.,* the Oklahoma Supreme Court stated that the valid portions of a statute will be enforced when "... the act is operative as a whole, and the valid portions are not dependent for their continued effectiveness on the invalid provisions." *Chicago R.I. & P.,* 34 P.2d at 276. In *Johnson,* the Oklahoma Supreme Court stated that otherwise valid portions of a statute will be enforced where the "... valid or invalid parts are not so intimately connected as to raise the presumption that the legislature would not have enacted the one without the other ...". *Johnson,* 167 P.2d at 894. In *Tulsa Exposition,* the Oklahoma Supreme Court stated that the valid portions of a statute would be enforced unless the "... remain-

ing provisions of the Act creates a result not intended or contemplated ...". *Tulsa Exposition*, at 507. Finally, the Court notes the words of Cardozo, J., cited in *Riggs*, as follows: "The whole tendency during recent years, at least, in this court, has been to apply the principle of severance with increasing liberality." *People v. Mancuso*, 255 N.Y. 463, 175 N.E. 177, 76 A.L.R. 514 (N.Y.1931); *Riggs*, at 827.

The Court finds that the Oklahoma legislature would have enacted 31 O.S. § 1(A)(20) to exempt Debtor's interest in IRAs had it known that it could not also exempt ERISA-qualified plans. Therefore, the provision of 31 O.S. § 1(A)(20) addressing IRAs is severable from the provisions applying to ERISA-qualified plans and is not void.

In enacting 31 O.S. § 1(A)(20), the Oklahoma legislature intended to exempt from property of the bankruptcy estate "any interest in a retirement plan or arrangement qualified for tax exemption purposes under present or future Acts of Congress", including interests in both IRAs and ERISA-qualified plans. Given the obvious legislative intent to protect interests in all qualified retirement plans and arrangements, it follows that the Oklahoma legislature would choose to enact this intent to the full extent possible, notwithstanding that it could not afford total protection for retirement plans due to federal preemption in the ERISA area. This result is consistent with Oklahoma law cited above. The valid portion of the statute dealing with IRA's is completely independent from the portion dealing with ERISA-qualified plans. Also, the result intended by the legislature, to shield from creditors those funds placed in retirement plans or arrangements, is not defeated or altered by the Court's conclusion; rather, the legislative intent is deemed enacted to the fullest extent possible.

■ Next, the Trustee argues that Debtor's interest in the IRAs is not exempt because the agreements creating the IRAs do not contain language indicating the parties' intent that the Debtor's interest be protected from the claims of creditors.

The Court finds that the agreements creating the IRAs do not have to contain such language in order to qualify as exempt property under 31 O.S. § 1(A)(20).

The Court finds that 31 O.S. § 1(A)(20) only requires that IRAs be deemed tax exempt under federal law in order that a debtor's interest therein qualify as exempt property under Oklahoma. law. Except as discussed below, it is undisputed that the IRAs are tax exempt under federal law.

The provisions of 31 O.S. § 1(A)(20) are "in addition to and not a limitation of any other provision of the Oklahoma Statutes which grants an exemption from attachment or execution and every other species of forced sale for the payment of debts." 31 O.S. § 1(A)(20). Under other Oklahoma statutes, namely 60 O.S. §§ 326–328, in order for a debtor's interest in an IRA to qualify as exempt property, such IRA must not only be tax exempt under federal law, but also the parties must indicate their intent that the debtor's interest in the IRA be protected from the claims of creditors. *Greening Donald Co., Ltd., v. Oklahoma Wire Rope Products*, 766 P.2d 970, 972 (Okl.1988).

The effect of 31 O.S. § 1(A)(20) is to add to the class of exempt property interests in those IRAs which are tax exempt under federal law but which do not contain language indicating the parties' intent that the interest be protected from the claims of creditors. At the same time, 31 O.S. § 1(A)(20) does not "limit" 60 O.S. §§ 326–328, because all IRAs which are exempt under 60 O.S. §§ 326–328 are also exempt under 31 O.S. § 1(A)(20). The Court rejects the Trustee's argument that 31 O.S. § 1(A)(20) constitutes a "limitation" of 60 O.S. §§ 326–328 unless the Court imposes the requirement that IRAs contain language indicating the parties' intent that the debtor's interest therein be exempt from the claim of creditors.

■ Finally the Trustee argues that one of the IRAs is not exempt property because prior to the bankruptcy filing, on May 13, 1989, there was a disbursement to Debtor of $200.00 from this IRA. The Trustee argues that such disbursement of funds is

a prohibited transaction under 26 U.S.C. § 408(e)(2)(A)(i) and (B) and 26 U.S.C. § 4975(c)(1)(D) and (3) and, therefore, the IRA ceased to exist as of that date. The Court finds that the disbursement to the Debtor is not a prohibited transaction under the sections and, therefore, the IRA continues to exist and is exempt.

## II. STATE DEFERRED COMPENSATION PLAN

Debtor is a participant in the Oklahoma State Employees Deferred Compensation Plan ("Deferred Compensation Plan") authorized by 74 O.S. § 1701 et seq. and 26 U.S.C. § 457. Under the Deferred Compensation Plan, Debtor has three deferred compensation accounts and has claimed her interest in each as exempt property under 31 O.S. § 1(A)(20). In his motion, Trustee seeks to disallow the claimed exemption on the grounds that 31 O.S. § 1(A)(20) is void. In the alternative, Trustee argues he is entitled to distributions from the plan to accrue in the future.

Again, the parties do not dispute that the Deferred Compensation Plan is property of the estate under 11 U.S.C. § 541(a) and the sole issue before the Court is whether Debtor's interest in such plan is exempt under Oklahoma law. If the Debtor's interest in the plan is exempt, it is no longer property of the estate and the Trustee cannot reach it.

■ The Court finds that Debtor's interest in the Deferred Compensation Plan is exempt under Oklahoma law. First, the Court finds that the portion of 31 O.S. § 1(A)(20) dealing with state deferred compensation plans is not void. It is undisputed that ERISA does not apply to the Deferred Compensation Plan since it is a plan established by the State of Oklahoma. 29 U.S.C. §§ 1002(32), 1003(b)(1). Therefore, ERISA does not preempt the portion of 31 O.S. § 1(A)(20) dealing with the Deferred Compensation Plan. For the same reasons discussed above, the Court finds that the portion of 31 O.S. § 1(A)(20) exempting interests in state deferred compensation plans is severable from the void portion

purporting to exempt interests in ERISA-qualified plans.

■ Also, for the reasons stated above, the Court finds that, in order to qualify for exemption under 31 O.S. § 1(A)(20), the Deferred Compensation Plan must only qualify as tax exempt under federal law and does not have to contain language indicating the parties' intent that the Debtor's interest therein be protected from the claims of creditors. It is undisputed that the Deferred Compensation Plan is tax exempt under federal law and, therefore, Debtor's interest therein qualifies for exemption under 31 O.S. § 1(A)(20). Also, the Court notes that the Deferred Compensation Plan, in Article 4.06(D), does contain language indicating the parties' intent that Debtor's interest in the plan be exempt from the claims of creditors. Therefore, the Deferred Compensation Plan qualifies for exemption under the provisions of 60 O.S. §§ 326–328 as well as under 31 O.S. § 1(A)(20).

## III. CASH SURRENDER VALUE OF LIFE INSURANCE POLICY

■ Finally, Debtor has claimed as exempt property her interest in the cash surrender value of a whole life insurance policy with Great Southern Life Insurance Company. Trustee has objected to such claim of exemption. It is undisputed that the Debtor is the owner of the policy and also the insured. The beneficiary of the policy is someone other than Debtor.

The Court finds that, under 36 O.S. § 3631(A), Debtor's interest in the cash surrender value of Debtor's life insurance policy is exempt property, provided however that if Debtor at any time voluntarily exercises her right to change the beneficiary for her personal benefit, the cash surrender value shall constitute an unadministered asset of the bankruptcy estate. *In re Privett,* 435 F.2d 261 (10th Cir.1970).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Trustee's motion for disallowance of claimed exemptions be denied and, therefore, the claimed

exemptions be allowed for the reasons and to the extent stated above.