**In re N. Tracy REE, Debtor.**

**Bankruptcy No. 89–00723–W.**

United States Bankruptcy Court,
N.D. Oklahoma.

May 1, 1990.

---

Sidney K. Swinson, Tulsa, Okl., for debtor.

Scott P. Kirtley, Tulsa, Okl., trustee.

## ORDER GRANTING TRUSTEE'S MOTION FOR DISALLOWANCE OF DEBTOR'S CLAIM OF EXEMPTION

MICKEY DAN WILSON, Bankruptcy Judge.

On June 29, 1989 and August 3, 1989, there came on for hearing the Trustee's motion for disallowance of Debtor's claim of exemption of an individual retirement account; after hearing, the matter was taken under advisement. Upon consideration of stipulations and briefs filed by the parties, and of the record herein, the Court, pursuant to Bankruptcy Rules 7052 and 9014, finds, concludes and orders as follows.

### FINDINGS OF FACT

In June 1984, N. Tracy Ree ("Ree," "Debtor") guaranteed certain business loans and thereby incurred an unsecured indebtedness to Small Business Administration which was later reported to amount to $182,652.57, Schedule A–3.

On or about January 29, 1985, Ree established is individual retirement account ("IRA") with The F & M Bank & Trust Company, IRA account number 501253. The history of said account is as follows:

| DATE | METHOD OF DEPOSIT (Describe) | AMOUNT OF DEPOSIT | AMOUNT OF WITHDRAWAL | BALANCE |
|---|---|---|---|---|
| 1–29–85 | 1984 Contribution | 2,000.00 | | 2,000.00 |
| 12–30–85 | Interest to date | 149.33 | | 2,149.33 |
| 12–30–85 | Contribution 1985 | 2,000.00 | | 4,149.33 |
| 12–31–86 | Interest to date | 268.54 | | 4,417.87 |
| 4–27–87 | Roll Over Contrib. | 2,679.83 | | 7,097.70 |
| 5–15–87 | 1987 Contribution | 2,000.00 | | 9,097.70 |
| 12–31–87 | Int. to Date | 490.03 | | 9,587.73 |
| 1–12–88 | 1988 Contribution | 2,000.00 | | 11,587.73 |

Stipulation ex. A.

As originally established, the IRA permitted deposits of $2,000 per year, not counting rollover contributions from other accounts; allowed revocation without penalty within 7 days after establishment of the account; allowed withdrawal of funds at any time thereafter, upon "request" in writing and subject to a penalty of the loss of 6 months' interest on the amount with-

drawn; allowed withdrawal without any penalty after age 59½ or in the event of Ree's death, disablement or incompetence; permitted "termination" (as opposed to "revocation" or "withdrawal") at any time; required distribution of account monies to commence (according to any of several optional methods) after age 70½; and recited as follows:

RESTRICTIONS ON THE FUND

Neither you nor any beneficiary may sell, transfer or pledge any interest in your IRA in any manner whatsoever, except as provided by law or this Agreement.

The assets in your IRA shall not be responsible for the debt, contracts or torts of any person entitled to distributions under this Agreement,

Stipulation ex. C, "Individual Retirement Custodial Account" Article IX (part). Nevertheless, it appears that most or all of these "requirements" can be violated at Ree's option, but if violated would cause Ree to lose certain favored tax treatment under the laws of the United States. The account names Linda Ree and Shelly Long as "beneficiaries" while referring to N. Tracy Ree as "the Benefitted Individual." It is clear that, in the trust sense, N. Tracy Ree is the beneficiary (i.e., the holder of the beneficial or equitable interest) in this account, while Linda Ree and Shelly Long are merely designated as his successors in interest in the event of his death.

In 1987, the account terms were amended, but none of the features noted above were significantly changed, see Stipulation ex. B.

Before April 16, 1987, this IRA could have been claimed exempt only under 60 O.S. §§ 175.25 and/or 326–328.

On April 16, 1987, Oklahoma Governor Henry Bellmon signed into law House Bill 1331 amending 31 O.S. § 1 to add a new subsection (A) ... (20), providing for exemption of tax-qualified retirement plan interests and specifically mentioning "... individual retirement accounts ..." An emergency clause caused the law to become effective immediately, i.e. on April 16, 1987.

On March 23, 1989, Ree filed his voluntary petition for relief under 11 U.S.C. Chapter 7, Stipulation ¶ 1.

With his petition, Ree made report of his debts, including the *$182,652.57* unsecured debt mentioned above, Schedule A–3, and claimed exemption of the IRA valued at $11,587.00, Schedule B–4, and see Stipulation ¶ 3.

Scott P. Kirtley was duly appointed and continues to serve as Trustee ("the Trustee") of Ree's bankruptcy estate, Stipulation ¶ 2.

On May 15, 1989, the Trustee filed his "Motion for Disallowance" of Ree's claim of exemption of this IRA, within the time permitted by applicable Bankruptcy Rules, Stipulation ¶ 4.

On July 5, 1989, this Court entered its "Restraining Order" for the purpose of preserving the status quo of the IRA.

The parties on July 18, 1989 filed their "Stipulation of Facts ..." Attached thereto as exhibit A was a copy of the deposit record of this IRA; as exhibit B (erroneously named "Exhibit 'C'" in stipulation ¶ 7) copies of a cover letter and amendment to the original agreement; and as exhibit C (erroneously named "Exhibit 'B'" in stipulation ¶ 6) copies of documents setting forth the terms of the IRA as originally established. In these findings, the Court has referred to exhibits as they are actually marked and not as they are named in ¶¶ 6, 7 of the text of the stipulation.

Any "Conclusions of Law" which ought more properly to be "Findings of Fact" are adopted and incorporated herein by reference.

CONCLUSIONS OF LAW

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), 11 U.S.C. § 522(b), (*l*).

The Trustee describes this IRA as "nothing more than a glorified savings account," Trustee's brief p. 3. This characterization is accurate. This IRA is a bank account, established at Ree's election and terminable at Ree's will, in which Ree deposits his own funds and from which he may with-

draw his funds whenever he wants. There are limits on deposits, a penalty for premature withdrawal, and purported "restrictions" on alienation or encumbrance of the funds—yet the account custodian cannot stop Ree from violating these terms and depositing, alienating or encumbering funds in the account as Ree desires. Ree suggests that, because "... Article IX of the IRA in question, states that all requests for withdrawal must be acceptable to the custodian of the account ... [o]ne could conclude that a withdrawal can be denied" by said custodian, Ree's brief p. 4. Ree misstates the terms of the account: Article IX actually provides that "[a]ll requests for withdrawal shall be in writing on *a form ... acceptable to us ...;*" but nothing in the documentation of the account purports to give the custodian any power to refuse a "request" for withdrawal which is made in proper form. If Ree violates the deposit limits or restrictions on withdrawal, alienation or encumbrance, he may suffer the loss of some interest earned on withdrawn funds, and will also lose favored tax treatment. However, certificates of deposit and other forms of bank accounts may also provide penalties for premature withdrawal, without changing the nature of the bank account. In effect, this IRA is a statutorily-commanded deal between Ree and the Internal Revenue Service: as long as Ree keeps this savings account in being and free from encumbrance, I.R.S. will postpone the collection of taxes thereon; but as soon as Ree treats this account like any other account, I.R.S. will do likewise and demand taxes as usual thereon. But nothing prevents Ree from treating this account like any other, and having it treated by I.R.S. like any other, if Ree so desires. And bank accounts generally are not exempt from creditor claims or from bankruptcy estates.

The basic issue, then, is this: is there any reason why this Court should treat this savings account as anything other than what it really is?

■ The Trustee argues, first, that this IRA is property of Ree's bankruptcy estate, because "[a]s a general proposition the bankruptcy estate includes all rights and interest of the debtor in all types of property, whether the nature of such interest is legal or equitable ...," Trustee's brief p. 2. This proposition is evidently derived from 11 U.S.C. § 541(a)(1), although that statute is not cited by the Trustee at this point. Ree responds that the IRA is not property of the bankruptcy estate because it is a spendthrift trust under Oklahoma law. This proposition is evidently derived from 11 U.S.C. § 541(c)(2) and case law thereunder, which provides that an interest of the debtor which would otherwise be property of his bankruptcy estate under 11 U.S.C. § 541(a)(1) is nevertheless excluded from his bankruptcy estate if it is a beneficial interest in a spendthrift trust which is valid and enforceable under applicable State law. If this IRA is a trust at all, it is a trust of spendthrift type, since it purports to restrain both alienation and encumbrance of the account funds by Ree and execution on the account funds by his creditors; and it is a self-settled trust of which the settlor is the beneficiary, since it is established at Ree's election, using Ree's funds, and provides for withdrawal by or payment to Ree. Self-settled spendthrift trusts of which the settlor is beneficiary are not enforceable under Oklahoma law, 60 O.S. § 175.25(G), in furtherance of a traditional public policy guarding against a strong potential for fraud and abuse. Since this IRA is either not a trust at all or, if a trust, is a self-settled spendthrift trust unenforceable under applicable State law, it is not excluded from Ree's bankruptcy estate by 11 U.S.C. § 541(c)(2), and therefore Ree's interest in the IRA is included in his bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). See *In re Walker,* 108 B.R. 769, 773–774 (B.C., N.D.Okla.1989), and authorities cited therein.

Given that Ree's interest in this IRA became property of his bankruptcy estate, the next issue is whether Ree may exempt such interest back out of the bankruptcy estate pursuant to 11 U.S.C. § 522. Ree may exempt from his bankruptcy estate any property that would be exempt from creditor execution under State or Federal nonbankruptcy law applicable on the date of the filing of his petition in bankruptcy,

11 U.S.C. § 522(b)(1), (2)(A), 31 O.S. § 1(B). Ree has claimed exemption under "31 O.S. § 1(20)," meaning presumably 31 O.S. § 1(A)(20).

■ The Trustee proposes that "[p]ursuant to the decision in *In re Brown*, 95 Bankr. 216 (Bankr.N.D.Okl.1989), Okl.Stat. Ann. tit. 31, § 1(A)(20) is void as it has been preempted by Federal law. Therefore, the Debtor's claim of exemption is invalid," Trustee's brief p. 2. The federal law in question is the Employee Retirement Income Security Act ("ERISA"). ERISA does not apply to IRAs, and this Court agrees with the author of the opinion *In re Brown*, supra, that ERISA preempts State exemptions only as to those forms of retirement plans to which ERISA itself applies, *In re Walker*, supra, 108 B.R. at pp. 774–775 citing *In re Ridgway*, 108 B.R. 294 (B.C., N.D.Okla.1989). Accordingly, that portion of 31 O.S. § 1(A)(20) purporting to exempt interests in IRAs is not pre-empted or rendered "void" by ERISA.

■ The Trustee further proposes that 31 O.S. § 1(A)(20) is unconstitutional in that it violates Art. I, Section 10, Clause 1 of the United States Constitution, which "provides in pertinent part that 'no State shall ... pass any ... law impairing the Obligation of Contracts,'" Trustee's brief p. 5. This Court has already so held in *In re Garrison*, 108 B.R. 760 (B.C., N.D.Okla. 1989); and that opinion is adopted and followed herein. In the present case, the bulk of Ree's unsecured debts were incurred before enactment of 31 O.S. § 1(A)(20) in April 1987. Accordingly, the application of 31 O.S. § 1(A)(20) to such creditors, or to their representative the Trustee, would be unconstitutional. Ree may not claim this IRA exempt under 31 O.S. § 1(A)(20).

■ Absent 31 O.S. § 1(A)(20), Ree might have claimed this IRA exempt under 60 O.S. § 175.25 and/or §§ 326–328. As already noted, in *In re Goldberg*, 59 B.R. 201 (B.C., N.D.Okla.1986), this Court held that 60 O.S. §§ 326–328 did not exempt a tax qualified, Keogh-type retirement plan which was also a self-settled, revocable spendthrift trust, as a matter of probable legislative intent and public policy. This Court observed that it was "unlikely" that the Oklahoma Legislature intended 60 O.S. §§ 326–328 to operate in any manner contrary to "the strong public policy that will prevent any person from placing his property in a revocable trust for his own benefit which would be exempt from creditors," *In re Goldberg*, supra, 59 B.R. at p. 206. As noted above in the present opinion, the IRA now being considered is itself, if a trust at all, a self-settled spendthrift trust which would not preserve Ree's interest from his creditors under 60 O.S. § 175.25(G). The relationship between 60 O.S. § 175.25 and §§ 326–328 is not clear; but it appears to this Court that a retirement plan, trust or account which would be unenforceable under § 175.25 *and* which permits the settlor-beneficiary to have access to the funds with restrictions as minimal as in the present instance, should not be exempt under §§ 326–328. Whether the plan, trust or account is technically "revocable" is not as important as whether it effectively allows the settlor-beneficiary access to the funds, whether such access is called "revocation" or "withdrawal" or "termination" or anything else. For the statutory exemption of 60 O.S. § 328 to be effective, the plan's or account's own restraints on voluntary access to the funds under 60 O.S. §§ 327–328 must also be *effective*. The account in this case lacks effective restraints on Ree's voluntary access to the account funds; therefore it lacks protection against Ree's creditors' claims, too. Ree's interest in the account would not be exempt even if claimed exempt under 60 O.S. §§ 326–328.

This disposition of the matter makes it unnecessary to consider other arguments presented by the parties.

Accordingly, the Trustee's "Motion for Disallowance" of claim of exemption of Ree's interest in this IRA must be, and the same is hereby granted; and Debtor Ree's claim of exemption of his interest in this IRA must be, and is hereby denied and disallowed.

AND IT IS SO ORDERED.