**In re Georgia Ida GALVIN, Debtor.**

**Bankruptcy No. 89–21638–7.**

United States Bankruptcy Court,
D. Kansas.

Nov. 20, 1990.

Jan A. Way, Kansas City, Kan., for debtor.

James S. Willis, Kansas City, Kan., Trustee.

### MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S OBJECTION TO EXEMPTION

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the April 12, 1990 hearing on the Trustee's Objection to Debtor's Exemption of IRA Plan. The debtor, Georgia Ida Galvin, appeared by and through her attorney Jan A. Way. The trustee, James S. Willis appeared pro se.

### FINDINGS OF FACT

The facts herein are undisputed due to admissions of the parties in briefs filed; and after hearing arguments of counsel, the Court finds as follows:

1. That on October 17, 1989, the debtor Georgia Ida Galvin (hereinafter "debtor") filed her petition under Chapter 7 of Title 11, United States Code.

2. That listed on the debtor's Schedule B-4 is an IRA account with Security Bank in the amount of $2,621.82.

3. That the debtor exempted this IRA account under K.S.A. 60–2308(b).

4. That James S. Willis was duly appointed trustee in the above-captioned estate.

5. That on January 2, 1990, the trustee filed his Objection to Debtor's Exemption of IRA Plan.

6. That on March 22, 1990, the debtor received her discharge by Order of this Court.

7. That on April 12, 1990, the Court heard the trustee's objection and upon the filing of additional briefs by the parties this Court did take this matter under advisement.

## CONCLUSIONS OF LAW

The Court finds that the State of Kansas has exercised its option under the Bankruptcy Code to deny its residents the right to the federal exemptions as set out in 11 U.S.C. § 522(d)(1); that the statutory authority for this opt-out is contained in 11 U.S.C. § 522(b) which provides in part as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ... either ...

(1) property that is specified under subsection (d) of this section, *unless State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;* or, in the alternative,

(2)(A) Any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the

petition, or for a longer portion of such 180–day period in any other place;

(emphasis added). *Hinkson v. Pfleiderer,* 729 F.2d 697, 699 (10th Cir.1984.)

The Kansas Legislature utilized this opt-out provision as set out in § 522 by enacting K.S.A. 60–2312, which states that:

(a) Except as provided in subsection (b), no person, as an individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may elect exemptions pursuant to subsection (b)(1) of section 522 of such federal act.

(b) an individual debtor under the federal bankruptcy reform act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of section 522 of such federal act. The provisions of this subsection shall apply to any bankruptcy action which: (1) Is filed on or after July 1, 1986; or (2) was filed on or after April 26, 1980, and is pending or on appeal on July 1, 1986.

Thus, in the case at bar, this Court must look to the Kansas exemption statutes for guidance. K.S.A. 60–2308(b) states in pertinent part as follows:

(b) Except as provided in subsection (c), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under sections 401(a), 403(a), 403(b), 408 or 409 of the federal internal revenue code of 1954, as amended, shall be exempt from any and all claims of creditors of the beneficiary or participant. *Any such plan shall be conclusively presumed to be a spendthrift trust under these statutes and the common law of the state ....*

(Emphasis added.) [1]

In the case at bar the debtor has sought to exempt her IRA account under K.S.A. 60–2308. The trustee has argued that ERISA preempts the Kansas statute based upon the recent United States Supreme Court decision of *Mackey v. Lanier Collec-*

---

**1.** Under 26 U.S.C. 408(a) an individual retirement account is defined as "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries..." *See In re Staniforth,* 116 B.R. 127, 131 (Bankr. W.D.Wis.1990).

*tions Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). This Court notes that in *Mackey,* the Supreme Court was faced with the issue of whether a Georgia state statute which protected an individual's ERISA benefits from garnishment was preempted by the Employee Retirement Income Security Act ("ERISA"). The Supreme Court was not faced with the issue of whether ERISA preempts a debtor's exemption of an Individual Retirement Account in her bankruptcy proceedings.

This Court finds that the plain language of the ERISA regulations excludes IRAs from the scope of ERISA coverage:

> (d) Individual Retirement Accounts
> (d)(1) For purposes of Title I of the Act [ERISA] and this chapter, the terms "employee pension benefit plan" and "pension plan" *shall not include* an individual retirement account described in section 408(a) of the Code, an individual retirement annuity described in section 408(b) of the Internal Revenue Code of 1954 (hereinafter "the Code") and an individual retirement bond described in section 409 of the Code.

29 C.F.R. 2510.3–2(d)(1). (Emphasis added) Thus, the trustee's argument that ERISA preempts Kansas law based upon the *Mackey* decision, with respect to individual retirement accounts, is wholly without merit. *In re Chadwick,* 113 B.R. 540 (Bankr. W.D.Mo.1990) (the Honorable Frank W. Koger found that the Kansas exemption for individual retirement accounts was not preempted by ERISA. *Id.* at 545); *In re Bharucha,* 115 B.R. 671 (Bankr.D.Ariz. 1990) ("The IRAs at issue here were established and maintained by the debtors individually through their own contributions ... the state law exemption is not preempted by ERISA." *Id.* at 673); *In re Alagna,* 107 B.R. 301 (Bankr.D.Colo.1989) (the state statute is "not preempted in its entirety such as to IRA's." *Id.* at 317); *In re Laxson,* 102 B.R. 85 (Bankr.N.D.Tex.1989) ("[S]ince ERISA does not apply to IRAs, then ERISA does not preempt the [state] statute with respect to IRAs." *Id.* at 89); *In re Martin,* 102 B.R. 639 (Bankr.E.D.

Tenn.1989) (Tennessee exemption statute found not to be preempted by ERISA "insofar as it permits a debtor to exempt from claims of creditors, ... an IRA." *Id.* at 646); *In re Ewell,* 104 B.R. 458 (Bankr.M. D.Fla.1989) ("[T]his Court holds that IRAs established under § 408(a) of the Internal Revenue Code of 1986 are outside of the pre-emptive scope of ERISA." *Id.* at 461); *In re Ridgway,* 108 B.R. 294, 296 (Bankr.N. D.Okla.1989).

For the above reasons, this Court find that the debtor should be allowed to claim her IRA account with Security Bank as an exemption under the laws of the State of Kansas.

IT IS THEREFORE, BY THE COURT, ORDERED That the Trustee's Objection to Debtor's Exemption of IRA Plan be and the same is hereby DENIED.

This Memorandum shall constitute my Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.