**In re Victor Watson PRYOR, SSN 443–32–0958, Debtor.**

**Bankruptcy No. 91–70541.**

United States Bankruptcy Court, E.D. Oklahoma.

Nov. 27, 1991.

Robert Inglish, Okmulgee, Okl., for debtor.

Mark Engel, Oklahoma City, Okl., for creditor Dolores Gammill.

## ORDER

JAMES E. RYAN, Chief Judge.

On this 26th day of November, 1991, Creditor Dolores Gammill's Motion for Partial Summary Judgment and Brief in Support thereof filed October 25, 1991 (Docket Entry No. 101) and the Response thereto filed by the Debtor on November 14, 1991 (Docket Entry No. 103) came before this Court for consideration.

After review of these pleadings, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

## STATEMENT OF ISSUE

The issue presented by the Motion is whether the Debtor's interest in an annuity policy is exempt under Oklahoma law and therefore the Bankruptcy Code or whether the Oklahoma statute that establishes this exemption is unconstitutional as being a violation of the contracts clause of the United States Constitution.

## FINDINGS OF FACT

1. Upon filing a voluntary Petition seeking relief under Chapter 11 of the Bankruptcy Code on April 18, 1991, the Debtor submitted a Schedule of Exempt Property which included the Debtor's interest in an annuity policy issued by New York Life Insurance & Annuity Corporation for the stated value of $173,000.00.

2. The Debtor and the movant were divorced on July 6, 1979 as modified by the Oklahoma Court of Appeals on May 12, 1985. The annuity was issued on January 13, 1986.

## CONCLUSIONS OF LAW

A. Debtor claims an exemption of the annuity pursuant to Okla.Stat.Ann. tit. 31, Sec. 1(A)(20) which establishes an exemption from "attachment or execution and every other species of forced sale for the payment of debts" for retirement plans,

including individual retirement accounts and annuities, "provided, such interest shall be exempt only to the extent the contributions by or on behalf of a participant were not subject to federal income taxation to such participant at the time of such contributions."

It has not previously been established with the certainty required by law that the annuity at issue meets the requirements of this statute. However, the movant is challenging the Debtor's ability to exempt this annuity on the basis of a line of cases emanating from the United States Bankruptcy Court in the Northern District of Oklahoma which finds that the Oklahoma statute found at Okla.Stat.Ann. tit. 31, Sec. 1(A)(20) is unconstitutional as violating the contracts clause of the United States Constitution. See *In re Garrison*, 108 B.R. 760 (Bankr.N.D.Okla.1989); *In re Walker*, 108 B.R. 769 (Bankr.N.D.Okla.1989) and *In re Ree*, 114 B.R. 286 (Bankr.N.D.Okla. 1990).

█ B. We note the unpublished reversal of the *Walker* case by the United States District Court for the Northern District of Oklahoma. See *unpublished order Walker*, Case No. 89–C–1070–C entered June 26, 1990. We concur with the holding in this case and also with the more detailed and well reasoned opinion contained in the case of *In re Ridgway*, 108 B.R. 294 (Bankr. N.D.Okla.1989) which finds that, in general, individual retirement accounts, and presumably annuities, that are contemplated under the Oklahoma exemption statute are exempt. These vehicles for retirement savings are not subject to the ERISA statute and therefore are not preempted as ERISA qualified retirement plans have been deemed to be in this District. See *In re Weeks*, 106 B.R. 257 (Bankr.E.D.Okla. 1989).

█ The constitutionality argument raised by the movant and the line of cases upon which she relies are not persuasive to this Court since the criteria for establishing a violation of the clause required by the United States Supreme Court have not been met. See *Energy Reserves Group, Inc. v. The Kansas Power & Light Co.*, 459 U.S. 400, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983).

Thus, while substantial factual questions still exist as to whether the annuity at issue qualifies for exemption under Okla. Stat.Ann. tit. 31, Sec. 1(A)(20), we are not persuaded by the legal position taken in the Motion for Partial Summary Judgment.

IT IS THEREFORE ORDERED that Creditor Dolores Gammill's Motion for Partial Summary Judgment and Brief in Support Thereof filed October 25, 1991 (Docket Entry No. 101) is hereby denied.

The hearing currently set for November 27, 1991 at 10:00 a.m. to consider the Objection to Exemptions filed by Dolores Gammill (Docket Entry No. 79) and the Response thereto filed by the Debtor (Docket Entry No. 85) shall be conducted as previously scheduled.